STEVENS *v.* ADAMS.

Opinion delivered May 19, 1930.

*Northcutt & Northcutt,* for appellant.

McHANEY, J. Appellant, the town marshal of the town of Calico Rock, was sued by appellee for damages for personal injuries received by him as the result of a shot fired by appellant at the car in which appellee and others were driving in said town. Appellant attempted to stop the car and arrest appellee and the others for a misdemeanor committed in his presence and hearing, that of disturbing the peace, and for publicly using vile and profane language. When the parties in the car did not stop

on his order, appellant fired two shots at the tires of the car. One of the bullets struck appellee in the back of the head, inflicting a severe and painful injury. He did not shoot at either of the parties in the car, and did not intend to hit any one. The case was tried to a jury, resulting in a verdict and judgment against appellant for $150.

For a reversal appellant argues that the court erred in giving, and in refusing to give, certain instructions. Three of the instructions given were peremptory in effect, as they told the jury that, if they found appellant fired the shot that struck appellee, they should return a verdict in his favor for some amount. Since we are of the opinion that the court should have instructed a verdict for appellee, the amount of damages to be determined by the jury, on the undisputed evidence, no prejudice could have resulted to appellant by the giving or refusing to give, the instructions complained of.

In the recent case of *Edgin* v. *Talley,* 169 Ark. 662, 276 S. W. 591, 42 A. L. R. 1194, this court reaffirmed the rule of law regarding the force an officer may use in making arrests, and preventing escapes after arrest in misdemeanor cases, as stated by the court in the earlier case of *Thomas* v. *Kinkead,* 55 Ark. 502, 18 S. W. 854, 15 L. R. A. 558, 29 Am. St. Rep. 68. In the latter case, Judge MANSFIELD, speaking for the court, said: "In making the arrest or preventing the escape, the officer may exert such physical force as is necessary on the one hand to effect the arrest by overcoming the resistance he encounters, or on the other to subdue the efforts of the prisoner to escape; but he cannot in either case take the life of the accused, or even inflict upon him a great bodily harm, except to save his own life or to prevent a like harm to himself."

The same principle applies here. Appellant had no right to kill the appellee, or to inflict a great bodily injury upon him, in order to effect his arrest for a misdemeanor, and it can make no difference, in a civil action, that appellant did not fire the shot at appellee or intend

to hit him. It is not disputed that one of the shots fired at the tires struck appellee, and it must have been the result of negligence or carelessness, since the specific injury was not intended.

A correct instruction was given on the measure of damages, and again repeated in another instruction. Complaint is made of this repetition, but no specific objection was made thereto on this account.

The court correctly refused to give the instructions requested by appellant, about which complaint is now made. It is argued that certain language used in *Edgin* v. *Talley, supra,* supports him. But not so. The language relied upon refers to the suit of Edgin, which was affirmed because he received no injury, but it was reversed as to Goldia Floyd, who was riding in the car with him, and who was injured by the shot fired by the constable.

We find no reversible error, and the judgment is affirmed.